IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16–cr-40037-SMY-1 |
| | ) |
| | ) |
| ALPHONSO PIERRE ALLISON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

This matter comes before the Court on the Defendant Alphonso Pierre Allison's Motion for Compassionate Release (Doc. 97) and the Government's motion to dismiss the same (Doc. 99). Pursuant to a written plea agreement, Allison pled guilty to conspiracy to distribute heroin and crack cocaine, possession of a firearm by a felon, and distribution of heroin (Doc. 63). He was sentenced to 188 months imprisonment (Docs. 86).

The Government asserts that Allison's plea agreement expressly precludes his right to seek modification of his sentence in any type of proceeding. The plea agreement provides:

> "4.    Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, <u>Defendant knowingly and voluntarily waives the right to seek modification of or contest any aspect of the conviction or sentence in any type of proceeding</u>, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the

substantive reasonableness of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States." (Doc. 63, p. 9-10).

Compassionate release, under 18 U.S.C. §3582(c)(1)(A) is clearly a form of sentence modification. *United States v. Bridgewater*, 995 F.3d 591, 595 (7th Cir. 2021). And the waiver in Allison's plea agreement was written broadly enough to reach his right to seek a reduction/modification via compassionate release. Any change of circumstances brought on by the pandemic does not render Allison's earlier waiver unknowing or involuntary. "At worst, he did not fully appreciate that he might wish to change his mind later…Yet, such is the risk with plea-bargaining and waiver." *United States v. Alcala*, 678 F.3d 574, 580 (7th Cir. 2012).

Accordingly, the Government's motion to dismiss (Doc. 99) is **GRANTED**; Defendant's Motion for Compassionate Release (Doc. 97) is **DISMISSED**.

**IT IS SO ORDERED.**

**DATED:** June 28, 2022

						_____
						**STACI M. YANDLE**
						**United States District Judge**